IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ALBERTO LUNA,

    Petitioner,                    No. 2:10-cv-3287 KJM KJN P

    vs.

RANDY GROUNDS, Warden,         ORDER and

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction for assault and battery, and his resulting eight-year prison sentence, which was based in part on a finding that petitioner had committed a prior serious felony. Respondent moves to dismiss the petition for writ of habeas corpus for failure to exhaust state court remedies. (Dkt. No. 15.) Petitioner has filed two "motions for summary judgment" which respond to the merits of respondent's motion to dismiss (Dkt. Nos. 19, 20), and which the court therefore construes as petitioner's opposition thereto. Petitioner also seeks discovery and the issuance of subpoenas duces tecum (Dkt. No. 17), and moves for a preliminary injunction (Dkt. No. 22). For the reasons that follow, this court recommends that respondent's motion be granted, and petitioner's

motions be denied.

II. Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel; a waiver of exhaustion may be neither implied nor inferred. 28 U.S.C. § 2254(b)(3).[1] "[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." Rhines v. Weber, 544 U.S. 269, 273 (2005), citing Rose v. Lundy, 455 U.S. 509, 518-519 (1982).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider and rule on all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to the state court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Rather,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Thus, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, supra, 455 U.S. at 520. A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id. at 510, 522.

III. Discussion

Respondent contends that neither of the claims asserted by petitioner herein were presented in any form to the California Supreme Court, and are therefore not exhausted, thus requiring dismissal of the instant petition.

Petitioner claims: (1) that he is in the process, with the court's assistance, of obtaining "[n]ewly discovered evidence material to the state's case against me and which I could not, with reasonable diligence, have produced at trial," specifically, the report of a 2001 prison incident in which petitioner was the victim of a stabbing at Corcoran State Prison, which would allegedly support petitioner's "reduced culpability" defense; and (2) that petitioner was denied a fair trial by the trial court's exclusion of the expert testimony of forensic psychologist Linda Barnard, who sought to testify in support of petitioner's defense theory of "PTSD [Post-Traumatic Stress Disorder]-induced unconsciousness."[2] (Dkt. No. 1 at 8, 12, 20-21.)[3]

It is evident that neither of these claims were presented to the state courts. Rather, in the direct appeal of his conviction and sentence, petitioner made the following two unrelated arguments to the California Court of Appeal, Third Appellate District: (1) that the trial court violated petitioner's due process rights by failing to dismiss the finding that petitioner had committed a prior serious felony conviction; and (2) that the trial court erred in the calculation of petitioner's prejudgment custody credits. (Lodged Document ("Ldgd. Doc.") No. 1 at 9-18.)

---

[2] The second claim is referenced as "Grounds 2 and 3" throughout the petition.

[3] Page citations refer to the court's electronic pagination.

3

1  The Court of Appeal rejected the first contention (Ldgd. Doc. No. 3 at 9-11) but, in response to
2  the second contention, modified petitioner's sentence accordingly (id. at 11).
3      Petitioner filed a Petition for Review in the California Supreme Court, contending
4  that the trial court had violated his right to due process in declining to dismiss the prior serious
5  felony conviction. (Ldgd. Doc. No. 4.) The Supreme Court summarily denied review. (Id.)
6      Petitioner concedes that he has made no other applications for relief in the state
7  courts. (Dkt. No. 1 at 6-7, 12, 26-28.) However, petitioner asserts that his failure to exhaust
8  state court remedies as to his instant federal claims is excused by the existence of newly-
9  discovered evidence. (Dkt. No. 19 at 2-3.) Petitioner seeks the court's assistance in obtaining
10 this and related evidence from the Sacramento County District Attorney and the Warden of the
11 California Training Facility in Soledad (respondent herein), pursuant to petitioner's motion to
12 compel discovery and for emergency injunctive relief in the form of court-issued subpoenas
13 duces tecum. (Dkt. No. 17 at 13-15, 18-27; Dkt. No. 22.)
14     This court may not consider new evidence on a factual matter that petitioner failed
15 to develop in the state courts unless: (1) the claim relies on a new rule of constitutional law or a
16 "factual predicate that could not have been discovered though the exercise of due diligence;" and
17 (2) petitioner can show that "the facts underlying the claim would be sufficient to establish by
18 clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would
19 have found the appellate guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); see also
20 Cullen v. Pinholster, 131 S. Ct. 1388 (Apr. 4, 2011) (limiting the federal court's inquiry under
21 Section 2254(d)(1) to the record before the state court). The state courts' determination of
22 factual issues shall be presumed correct and may be rebutted only by clear and convincing
23 evidence. 28 U.S.C. § 2254(e)(1).
24     Pursuant to his first claim herein, petitioner seeks a copy of the report of the 2001
25 incident in which petitioner was the victim of a prison stabbing. Petitioner asserts that his prior
26 efforts to obtain this report "have been fruitless." (Dkt. No. 1 at 9.) He contends that direct

evidence of this "newly-discovered evidence" will demonstrate that the trial court erred in excluding petitioner's "unconsciousness" defense.

The court has reviewed the excerpts of the trial transcript provided by petitioner (Dkt. No. 1 at 36-49), which set forth counsels' discussion with the trial judge concerning the admissibility of petitioner's proffered expert defense testimony from psychologist Linda Barnard. Both defense counsel and the prosecutor had a copy of the psychologist's report; defense counsel sought to admit the psychologist's testimony without requiring that petitioner testify; and the prosecution objected generally to petitioner's "unconsciousness" defense. (Dkt. No. 1 at 40, 43, 49.) Because defense counsel did not want to put petitioner on the stand, the trial court tentatively ruled to exclude Dr. Barnard's testimony, reasoning, inter alia, that such testimony would lack reliability relative to the facts of the underlying incident, despite the representation of defense counsel that he could "support some of the liability issues by other individuals, by reports."[4] (Dkt. No. 1 at 41.) The prosecutor responded that "the only documentation the People have received on the 2001 knife attack at Corcoran is medical records. There is no report about the circumstances in which this knife attack occurred." (Id.) The court concluded that it would schedule a preliminary fact hearing, or "402 Hearing,"[5] to hear Dr. Barnard's intended testimony,

---

[4] Defense counsel stated in full (Dkt. No. 1 at 41):

> I think we can support some of the liability issues by other individuals, by reports. There is no evidence to show it's reliability aside -- it's not an issue, there is no evidence whatsoever. We have proof that some of this occurred. [¶] Clearly, there are some statements made from Mr. Luna to the doctor which there is no documentation for. But at least some of it can be documented. It can be shown through other avenues that, in fact, this did occur.

[5] California Evidence Code section 402 provides in full:

> (a) When the existence of a preliminary fact is disputed, its existence or nonexistence shall be determined as provided in this article.
>
> (b) The court may hear and determine the question of the admissibility of evidence out of the presence or hearing of the jury; but in a criminal action, the court shall hear and determine the question of the admissibility of a confession or admission of the

before making a final determination regarding its admissibility.  (Id. at 43, 45.)

Although the trial court's ruling after the "402 Hearing" is not reflected in petitioner's exhibits, the Court of Appeal recounted Dr. Barnard's testimony when it rejected petitioner's contention that the trial court had abused its discretion in denying his "Romero request" to strike petitioner's prior felony conviction.  People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 529-30 (Cal. Penal Code § 1385(a) permits trial courts to strike prior felony conviction allegations in cases brought under the "Three Strikes Law").  (Ldgd. Doc. No. 3 at 5-11.)  As recounted by the Court of Appeal, Dr. Barnard's report was attached to petitioner's post-verdict "Romero request," and opined in pertinent part that petitioner suffered from PTSD as a result of, inter alia, four different incidents in which petitioner had been stabbed, including the 2001 incident at Corcoran State Prison.  Dr. Barnard concluded that "[t]hese cumulative traumas induced a 'dissociative flashback' on the date of the present crimes . . . ."  (Id. at 6-7.)  In rejecting petitioner's contention that the trial court had abused its discretion in denying his "Romero request," the Court of Appeal reasoned in pertinent part (id. at 10-11):

> Defendant asserts that the trial court abused its discretion by disregarding Dr. Barnard's PTSD findings, the evidence that he had worked and maintained a stable relationship, the evidence that he had "consulted with law enforcement about gang behavior" and had "attempted to be a positive role model for his younger brother," and the supportive testimony given at the hearing by defendant's mother (and chief victim) and the police officer who has used him as an informant.
>
> The trial court did not disregard defendant's showing.  Rather, the court found that defendant's claim that he suffered from PTSD was not credible and the rest counted for little given the seriousness of his past and present felonies and his habits of associating with others prone to crime.  Thus, the court was aware of its discretion to strike defendant's strike, did not use impermissible factors in refusing to do so, and properly balanced the permissible factors.

---

defendant out of the presence and hearing of the jury if any party so requests.

(c) A ruling on the admissibility of evidence implies whatever finding of fact is prerequisite thereto; a separate or formal finding is unnecessary unless required by statute.

>Its ruling was not by any stretch of the imagination irrational or arbitrary. We find no abuse of discretion.

The Court of Appeal's analysis indicates that, while Dr. Barnard's testimony and the evidence she relied upon may have been excluded at trial (apparently admitted only after the jury reached its verdict), the fact of the 2001 stabbing incident was known to petitioner and his counsel throughout the trial. It is entirely speculative that possession of the report recounting this incident would have altered the trial court's apparent decision pursuant to the "402 hearing" to exclude Dr. Barnard's testimony at trial and, apparently, to exclude plaintiff's "unconsciousness" defense. Petitioner does not assert that alternative means for proving the incident were unavailable at trial, i.e., that no medical (or other) reports reflected the incident, or that the testimony of eyewitnesses (as referenced by defense counsel) were unavailable to petitioner at trial. Even if the report exists, petitioner has failed to demonstrate that it could not have been previously located through the exercise of due diligence. Rather, it appears that petitioner seeks the court's assistance in conducting a "fishing expedition" to determine whether the report exists and/or to utilize the authority of this court to obtain a copy of the report. Neither role is appropriate for this court, particularly in the first instance. Petitioner fails entirely to explain why he has not sought to pursue these matters first in the state courts.

Moreover, even assuming that the 2001 incident report exists and qualifies as "a factual predicate that could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A)(ii), petitioner cannot reasonably contend that the report "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the appellate guilty of the underlying offense," id., § 2245(e)(2)(B), particularly in light of petitioner's tactical decision not to testify at trial.

The court finds, therefore, that petitioner has failed to demonstrate that this matter comes within an exception to the requirement that he exhaust state court remedies before bringing a claim in habeas corpus to this court.

Petitioner's second, broader, claim is similarly flawed. Petitioner asserts that he was denied a fair trial by the trial court's exclusion of Dr. Barnard's expert testimony in support of his defense theory of PTSD-induced "unconsciousness." Petitioner has also failed to exhaust this claim in the state courts.

IV. Conclusion

For the foregoing reasons, the court finds that petitioner has failed to exhaust his state court remedies as to each of the claims presented in the instant federal petition for writ of habeas corpus. Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's motion for discovery (Dkt. No. 17) is denied;

    2. Petitioner's motion for injunctive relief (Dkt. No. 22) is denied; and

    3. Petitioner's "motions for summary judgment" (Dkt. Nos. 19, 20), construed as petitioner's opposition to respondent's motion to dismiss, are denied.

Further, IT IS HEREBY RECOMMENDED that:

    1. Respondent's motion to dismiss (Dkt. No. 15) petitioner's application for a writ of habeas corpus be granted; and

    2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after

1  service of the objections.  The parties are advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED:  June 9, 2011

                                              /s/ Kendall J. Newman
                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

luna3287.mtd.etc.